*La sentencia apelada debe ser confirmada.*

ISIDORO ÁLVAREZ GONZÁLEZ, demandante y apelante, *v.* LORENZO JIMÉNEZ SOTO, demandado y apelado.

Núm. 7925.—*Sometido:* Diciembre 13, 1939. *Resuelto:* Enero 10, 1940.

*Antonio L. López*, abogado del apelante; *Francisco González Fagundo*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Isidoro Álvarez González, alegando ser dueño de cierta finca urbana contigua a otra del demandado, instituyó este

pleito para retener la posesión de cierto callejón que separa ambas fincas. La perturbación consistió, según la demanda, en que a partir del 19 de febrero de 1937 el demandado personalmente y auxiliado por varios obreros procedió a demoler en gran parte el muro de cierre de su propio edificio, lindante con el del demandante, y levantó un nuevo muro de concreto adosado al muro contiguo de la panadería´ del demandante, en tal forma que cierra una puerta que comunica dicha panadería con el referido callejón, despojando de ese modo al demandante de la posesión del referido callejón y del uso de dicha puerta que le es indispensable tener abierta para el funcionamiento del horno de su panadería.

Contestó el demandado negando algunas de las alegaciones de la demanda y admitiendo otras, y como defensa alegó:

"Que en la Corte de Distrito de Humacao se radicó el 4 de mayo de 1936, bajo el número 19445 una demanda sobre *injunction* para retener la posesión, presentada por Eugenio Jiménez Solá, *que era en aquella época arrendatario* de la finca *B* (la del demandado hoy), contra Isidoro Alvarez González, en cuyo pleito está envuelta la misma cuestión que se discute en el presente, o sea la posesión material del referido callejón." (Paréntesis y bastardillas nuestros.)

Fué el caso a juicio, se oyó la prueba del demandante, inmediatamente después tuvo efecto una inspección ocular, y en fecha posterior se practicó la prueba del demandado como parte de la cual se ofrecieron y fueron admitidos los autos del caso civil número 19445.

El 29 de septiembre de 1938 se desestimó la demanda a virtud de una sentencia basada única y exclusivamente en la defensa que alegó el demandado, de existir otra acción pendiente entre las mismas partes por la misma causa.

La principal cuestión a considerar en este recurso es: ¿Existía una acción pendiente entre las mismas partes por la misma causa al radicarse este pleito y dictarse la correspondiente sentencia?

De los autos resulta que el 4 de mayo de 1936 Eugenio Jiménez Solá estaba en posesión de la finca que se alega es

hoy del demandado, a virtud de un contrato de arrendamiento celebrado por dicho Sr. Eugenio Jiménez Solá con el entonces dueño de dicha finca, Ricardo Pérez. Que el referido Eugenio Jiménez Solá en su carácter de arrendatario estableció el pleito número 19445 contra el hoy demandante, Isidoro Álvarez González, para retener la posesión del callejón en controversia. Que con posterioridad a la radicación del pleito número 19445, la panadería que había sido arrendada a Eugenio Jiménez Solá fué vendida por su dueño Ricardo Pérez a Gustavo Jiménez Solá, quien se halla en la actualidad en la posesión civil y natural del inmueble; que el 24 de febrero de 1937 se radicó la demanda de este caso a la cual nos hemos referido al principio de esta opinión.

Sostiene el abogado del demandado apelado que la corte inferior no erró, como alega el apelante, al desestimar la demanda por existir una acción pendiente entre las mismas partes por la misma causa. Arguye el abogado del demandado apelado que la causa de acción en los casos 19445 y 20250, que es la que nos ocupa, es la misma, por cuanto uno y otro tienen por objeto retener la posesión del callejón en controversia; que las partes son las mismas, porque la acción en el caso 19445, al ser instituída por Eugenio Jiménez Solá como arrendatario equivalía a ser la acción del arrendador o dueño entonces, Sr. Ricardo Pérez, y que habiendo este último vendido la finca arrendada a su actual dueño y poseedor Gustavo Jiménez Solá, este último es causahabiente de Ricardo Pérez, y por consiguiente equivale a ser el demandante en el caso número 19445. Debemos aclarar que de la evidencia resulta que el ahora demandado, Lorenzo Jiménez Soto, no es dueño de la finca sino que realizó los actos que le imputa el demandante en representación y como empleado de su hijo Gustavo Jiménez Solá.

¿Puede sostenerse bajo las circunstancias expresadas que las partes en el caso civil número 19445 aun pendiente, son las mismas que en el 20250 motivo de este recurso? La con-

testación la encontramos en el artículo 1450 del Código Civil (ed. 1930) que literalmente dice:

"El arrendador no está obligado a responder de la perturbación de mero hecho que un tercero causare en el uso de la finca arrendada; pero el arrendatario tendrá acción directa contra el perturbador.

"No existe perturbación de hecho cuando 1 tercero, ya sea la administración, ya un particular, ha obrado en virtud de un derecho que le corresponde."

De acuerdo con el transcrito artículo, la acción que estableció Eugenio Jiménez Solá en su carácter de arrendatario fué una acción directa contra el supuesto perturbador, acción que le concede la ley, no en representación del dueño arrendador como pretende el abogado del demandado, sino por su propio derecho como arrendatario. Se trataba de una perturbación de hecho, según alegaba el demandante Eugenio Jiménez Solá, y siendo ello así, él podía establecer tal acción independientemente del dueño de la finca por el solo hecho de ser arrendatario, de acuerdo con el artículo 1450. Véase 10 Manresa, Código Civil Español (ed. 1908), págs. 563 y siguientes.

En tal acción no era parte, y por consiguiente no quedaba obligado por la sentencia el entonces dueño de la finca Ricardo Pérez, y si éste no era parte ni quedaba obligado por la sentencia que pudiera dictarse, ¿en qué derechos de él, en lo que a dicha causa de acción se refiere, podría subrogarse Gustavo Jiménez Solá al comprarle la finca? Si ningún derecho tenía Pérez en la causa de acción establecida por el arrendatario, ningún derecho podía transmitir al comprador, ya que nadie puede dar lo que no tiene. [3] Además, al tiempo de radicarse la demanda en el presente caso, Eugenio Jiménez Solá había cesado como arrendatario, y siendo ello así, reclamando él solamente la posesión de que alegaba haber sido privado por el ahora demandante, al cesar él en el arrendamiento cesó también en la posesión de la finca

arrendada y por consiguiente su acción para retener la posesión resultó académica desde ese momento.

Aparte de que a nuestro juicio la acción establecida en el caso número 19445 prácticamente está extinguida y es académica, no podemos convenir con el demandado apelado que las partes en aquel caso son las mismas que en el de autos.

Como en el presente caso se practicó prueba que no ha sido considerada por la corte inferior y además tuvo efecto la inspección ocular a que nos hemos referido, de cuyo resultado nada se dice en los autos, no nos creemos en condiciones de poder dictar la sentencia que debió dictar en el presente caso la Corte de Distrito de Humacao, *por lo que procede declarar con lugar el recurso, revocar la sentencia apelada, y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*